IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES EDWARD PATTERSON, #168 839, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO.:  2:13-CV-217-TMH ) [WO] |
| ELMORE CORRECTIONAL FACILITY, *et al.*, | ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate currently housed at the Draper Correctional Facility in Elmore, Alabama, files this 42 U.S.C. § 1983 complaint seeking expungement of a disciplinary he received while incarcerated at the Elmore Correctional Facility for assault on a person associated with the Department of Corrections. Plaintiff challenges the disciplinary charge as untrue and the finding of guilt as unfounded.  The complaint is filed against the Elmore Correctional Facility, the Draper Correctional Facility, Correctional Officer Bruce LaFogg, Patrick Lucas, and Warden Phyllis Billups.  In addition to seeking expungement of the disciplinary, Plaintiff also requests restoration of privileges.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate.  *See* 28 U.S.C. § 1915(A).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks

## I. DISCUSSION

Plaintiff complains that Defendant LaFogg falsely charged him with assault on a person associated with the Alabama Department of Corrections on February 25, 2013. Plaintiff maintains that at his disciplinary hearing, however, Defendant LaFogg stated that Plaintiff "did not put a hand on him" yet the hearing officer still found him guilty of the charge. (*Doc. No. 1 & Attachments*.)

Plaintiff argues that Defendants violated his constitutional rights during prison disciplinary proceedings where he was found guilty despite testimony tending to reflect his innocence of the charge that he assaulted a correctional officer. Plaintiff, therefore, appears to challenge the result of the disciplinary proceeding by claiming that the disciplinary charge itself was false.

The law is settled that an allegation that an inmate has been wrongly reported or punished for conduct which he did not commit does not, without more, assert a valid claim of the denial of due process. *See Collins v. King,* 743 F.2d 248 (5th Cir. 1984). Thus, Plaintiff's claim regarding the allegedly false disciplinary report lacks merit. Moreover, the Supreme Court has held that prison regulations on confinement of inmates do not create a liberty interest enforceable in a § 1983 action. *Sandin v. Conner,* 515 U.S. 472 (1995). In *Sandin,* the Court determined that the added restraint of prison discipline "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty

---

monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

interest." *Id.* at 486. "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes,* 427 U.S. 236, 242 (1976).

Here, Plaintiff does not allege much less indicate that a temporary loss of privileges and/or and inability "to put in for anything" as a result of the misconduct charge has subjected him to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin* , 515 U.S. at 484. Because Plaintiff has not alleged deprivation of a protected liberty interest, his complaints in relation thereto fail to state a due process claim based on the alleged false charge. *See id.* at 487; *see also Collins,* 743 F.2d at 253–54 ("[i]f the disciplinary proceeding was otherwise fair and adequate, the opportunity that it afforded [the plaintiff] to clear himself of misdeeds which he did not commit sufficed.").

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The 42 U.S.C. § 1983 complaint against Defendants be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

2.  Plaintiff's complaint be DISMISSED prior to service of process.

It is further

ORDERED that on or before **July 26, 2013** Plaintiff may file an objection to the

Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of July, 2013.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE